a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

EBLER JOSE VALVERDE-MURILLO #A220-863-172,
Petitioner

CIVIL DOCKET NO. 1:26-CV-03789 SEC P

VERSUS

JUDGE DAVID C. JOSEPH

FIELD OFFICE DIRECTOR ET AL,
Respondents

MAGISTRATE JUDGE PEREZ-MONTES

---

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Ebler Jose Valverde-Murillo ("Valverde-Murillo"). ECF No. 1. Valverde-Murillo is an immigration detainee at the River Correctional Center in Ferriday, Louisiana.

Valverde-Murillo is a native and citizen of Nicaragua. He entered the United States on November 15, 2021, and the Department of Homeland Security released him from custody that same day. ECF No. 1 at 10. Immigration officers detained him on August 14, 2026. *Id.*

Valverde-Murillo contends that 8 U.S.C. § 1226(a), rather than § 1225(b)(2), governs his detention, and that denying him an individualized bond hearing violates applicable immigration regulations and the Due Process Clause of the Fifth Amendment. *Id.* at 11-14.

In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit held that noncitizens who entered the United States without being admitted are applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than discretionary detention under § 1226(a), and therefore are not entitled to bond hearings. The court noted that the Department of Homeland Security retains discretion to parole applicants for admission, but only on a case-by-case basis for urgent humanitarian reasons or significant public benefit. *Id.* at 499 n.3. The Supreme Court has granted review of that statutory question. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. cert. granted Oct. 1, 2026).

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), the Fifth Circuit held that noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to individualized hearings on dangerousness or flight risk, and that continued or renewed detention does not violate due process so long as removal remains a viable prospect. The court left open whether detention may violate due process in other circumstances, such as when removal becomes only a remote possibility, removal proceedings are excessively delayed, the proceedings are used as a façade to detain for other reasons, there is a factual dispute over whether the noncitizen is an applicant for admission, or detention no longer serves its immigration purpose.

*Buenrostro-Mendez* governs any asserted statutory entitlement to bond, and *Sosnava Rodriguez* governs any asserted constitutional entitlement to an

individualized hearing on dangerousness and flight risk. Both decisions bind this Court.

Accordingly, IT IS ORDERED that, within 21 days after service of this Order, Valverde-Murillo shall file a supplemental memorandum, not exceeding seven (7) pages, addressing the effect, if any, of *Buenrostro-Mendez* and *Sosnava Rodriguez* on each of his claims and explaining why any claim remains viable. The memorandum shall also identify any statute or regulation that Valverde-Murillo contends the Government violated in revoking his prior release and explain whether that claim remains available if his detention is governed by § 1225(b)(2)(A). Valverde-Murillo shall separately identify any claim he maintains solely to preserve it for further review.

SIGNED on Friday, November 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE